UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

ANNIE GLICK,
    Plaintiff,
v.

NCL (BAHAMAS) LTD, a Bermuda
Company d/b/a NORWEGIAN CRUISE
LINE, GLOBAL CRUISES LLC, and
BUS TRAVEL SANTORINI,
    Defendants.
_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL BY JURY

The Plaintiff, ANNIE GLICK, by and through her undersigned counsel, hereby sues the Defendants, NCL (BAHAMAS) LTD, a Bermuda Company d/b/a NORWEGIAN CRUISE LINE, GLOBAL CRUISES LLC and BUS TRAVEL SANTORINI, and as grounds therefore alleges as follows:

## JURISDICTIONAL ALLEGATIONS

1. This is an action for legal and monetary damages in excess of seventy-five thousand dollars ($ 75,000.00) exclusive of interest, costs and attorney's fees.

2. At all times material hereto, the Plaintiff, ANNIE GLICK (hereinafter referred to as the Plaintiff, Ms. Glick or by her full name where appropriate) has been a resident of the State of Florida residing within the boundaries of Palm Beach County.

3. At all times material hereto, the Defendant, NCL (BAHAMAS) LTD, a Bermuda Company d/b/a NORWEGIAN CRUISE LINE (hereinafter referred to as the Defendant, NCL or by its full name where appropriate) has been a foreign entity, incorporated in the nation of Bermuda but maintaining its principal place of business in Miami-Dade County, Florida.

4.	At all times material hereto, the Defendant, GLOBAL CRUISES LLC (hereinafter referred to as the Defendant, GLOBAL or by its full name where appropriate) has been a Florida limited liability company with its principal place of business located in Miami-Dade County, Florida.

5.	At all times material hereto, the Defendant, BUS TRAVEL SANTORINI (hereinafter referred to as the Defendant, SANTORINI or by its full name where appropriate) has been a foreign entity that is believed, upon information and belief, to have been incorporated under the laws of the nation of Greece. Despite its foreign incorporation and business locale, SANTORINI routinely reached into the State of Florida through its marketing, booking and business efforts and induced Florida residents, while they were still located within the United States, to do take tours that it operated in the Greek islands. In particular, SANTORINI reached into the State of Florida to market to, and solicit, the Plaintiff to participate in its bus tour on the Island of Santorini, Greece.

6.	This Court has diversity subject matter jurisdiction pursuant to 28 U.S.C. §1332 as this is a civil action in which the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states and/or citizens of a state and citizens or subjects of a foreign state.

7.	This Court also has admiralty jurisdiction pursuant to 28 U.S.C. §1333 as this case involves maritime torts. The type of incident and injuries suffered by Ms. Glick had the potential to impact maritime commerce as shoreside excursions are a part of the cruise experience and sold by cruise lines aboard their cruise ships.

8.	The claims asserted by Ms. Glick against GLOBAL CRUISES and BUS TRAVEL SANTORINI are so related to the claims asserted in this action against NCL (which is within the

original jurisdiction of this Honorable Court) that they form part of the same case or controversy under Article III of the United States Constitution, and Supplemental Jurisdiction is proper under 28 U.S.C.A. § 1367.

9. Additionally, this matter is filed in the Federal Court for the Southern District of Florida pursuant to a forum selection clause contained with the contract and/or ticket issued to Ms. Glick by NCL as part of the cruise forming the underlying basis for the allegations in this Complaint.

10. Therefore, jurisdiction and venue are appropriate in the Federal Court for the Southern District of Florida.

## GENERAL ALLEGATIONS

The Plaintiff hereby realleges and incorporates paragraphs 1-10 above as though they were fully set forth herein, and further states as follows:

11. NORWEGIAN CRUISE LINE HOLDINGS is a for-profit entity that is in the business of providing cruise vacations, passage and services to passengers throughout the world. As part of the services provided by NCL, passengers are provided with food, lodging, transportation and entertainment while sailing between various, scheduled, port-of-call.

12. Additionally, as part of the cruise vacation experience NCL markets, promotes and sells off-ship cruise excursions, at the port-of-call that it is scheduled to visit. Although these excursions are often operated by separate entities, NCL, holds itself out as the operator and/or partner of these excursion companies such that a reasonable consumer would understand that they are operated by NCL as part of the cruise vacation experience.

13. GLOBAL CURISES is a tour operator company that is located in the State of Florida and engages in significant business that includes: (a) arranging, scheduling and facilitating

off-ship excursions for passengers embarking on cruise vacations; (b) marketing these excursions, and excursion packages, to prospective cruise line passengers; (c) partnering with local operators and iconic attractions at popular cruise destinations to develop and implement unique experiences for cruise passengers.

14. Among the cruise lines that GLOBAL CRUISES works with is NCL, which provides access to its fare-paying passengers and also grants permission, explicitly or implicitly, to invoke its name, likeness and trademarks to market tours developed and facilitated by GLOBAL CRUISES to prospective customers.

15. NCL ensures that its passengers directly associate the shore excursions that they are taking during a cruise with it, and identify it as the de facto operator, by: (a) limiting reservations to those who have a reservation number from the cruise line; and (b) those who have a purchase confirmation for their NCL cruise. NCL takes further action to hold itself out as the de facto tour operator by ensuring, through its agreements with tour operators, that its passengers can book excursions through its website, by visiting an on-board excursion desk or utilizing an on-board, interactive television system.

16. As further incentive for passengers to book excursions that NCL holds itself out as the operator of, the cruise line informs passengers that it will hold the ship until the tour returns to the port, even if it is late for the scheduled departure time. By contrast, passengers are informed that a late arrival due to an unaffiliated tour operator will not be excused and the passenger will need to make their own arrangements to travel to the next port-of-call.

17. Therefore, NCL and GLOBAL CRUISES have created a three-way symbiotic venture between themselves and the on-the-ground tour operator by working all sides of the transaction. GLOBAL CRUISES works both sides of the transactions related to cruise excursions

by: (a) partnering with local operators on the ground various ports to schedule, plan and implement tours on the one hand; and (b) partnering with NCL to market, solicit passengers, book, and receive payment from passengers on the other hand.

18. Likewise, NCL works both side of the transactions related to cruise excursions by marking the excursions to its exclusive passenger list, taking their bookings, utilizing its infrastructure to facilitate the booking process and taking payment, often times by including the excursion charges directly on the cruise line's itemized billing and collecting it along with other ship-board charges.

19. One of the excursion tour operators that GLOBAL CRUISES and NCL partner with is BUS TRAVEL SANTORINI which, among other things, provides GLOBAL CRUISES with busses and drivers for the excursions that GLOBAL CRUISES operates on the Greek island of Santorini. This includes the bus-tour excursion that Ms. Glick ultimately took which led to the injuries forming the basis of this lawsuit.

20. Specifically, upon information and belief GLOBAL CRUISES worked with BUS TRAVEL SANTORINI to develop and implement bus tour excursions for cruise passengers on the island of Santorini and then made these excursions available as a package for NCL to market to its passengers. At the same time, NCL used its powerful relationship with its customers, as well as monetary and non-monetary incentives to encourage passengers to participate in BUS TRAVEL SANTORINI, as opposed to a tour that was not affiliated with the cruise line. Finally, as the final leg of this transaction, BUS TRAVEL SANTORINI provided the on-the-ground services to passengers by supplying busses and drivers to conduct the tours.

21. By holding itself out in this matter, NCL has: (1) made a manifestation causing the Plaintiff to believe that both GLOBAL CRUISES and BUS TRAVEL SANTORINI had authority

to act for its benefit; (2) that belief on the part of Ms. Glick was reasonable. As a result, NCL has engaged in a relationship giving rise to an apparent agency in which a reasonable passenger and/or consumer would believe that GLOBAL CRUISES and/or SANTORINI is the agent of NCL.

22. Additionally, NCL, GLOBAL CRUISES and BUS TRAVEL SANTORINI have entered into an agreement in which:

 a. Each has joint control or right of control over the excursion. This includes, but is not limited to the fact that while BUS TRAVEL SANTORINI maintains control over the busses and drivers, GLOBAL CRUISES maintains control over the itinerary and NCL maintains control over the marketing, booking and payment process. All three entities have control over each facet of the tour, however, by virtue of their relationship and their agreement to work together.

 b. Each has a joint propriety interest in the subject matter of the venture. This includes the fact that each entity obtains revenues and profits, and supplies labor and infrastructure, with regard to the planning, implementation of the tour and those revenues and costs are dependent upon the relative success, or failure, of the entire operation.

 c. Each has a right to share in the profits of the venture in that the revenue and profit afforded to each entity is not, upon information and belief, based upon a flat licensing fee but rather is dependent upon the overall performance of the tour.

 d. Each has a duty to share in the losses in that each entity has invested time, capital and infrastructure, directly and indirectly, into the development, planning, marketing and/or operation of the tour and each bears the risk of losses proportionate to their investment.

23. By entering into, and maintaining, this symbiotic relationship with a goal of promoting and operating bus tours around the island of Santorini, NCL, GLOBAL CRUISES and BUS TRAVEL SANTORINI have each expressed an intention to create a joint venture.

24. On or about June 12, 2022, Ms. Glick was a fare-paying passenger about the NCL Escape.

25.     As part of this cruise, Ms. Glick purchased a ticket for the "Let's Take a Selfie" excursion. This excursion was a operated based upon the agreement and circumstances set forth above, by BUS TRAVEL SANTORINI, GLOBAL CRUISES and NCL.

26.     Ms. Glick purchased this ticket through NCL, after having viewed it on the NCL website, seeing NCL marks on the marketing materials and coming to the reasonable belief that NCL was the operator, or at least a partner of the tour operator. This reasonable belief caused Ms. Glick to pick this excursion to the exclusion of other tours that did not appear to be run by NCL because she trusted the NCL brand, and believed NCL would operate the tour in a safe manner.

27.     During the June 12, 2022, excursion, the bus struck another vehicle and came to a sudden stop causing Ms. Glick's left knee to strike the seat in front of her.

28.     As a direct and proximate result of the Defendants' negligence, the Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment and aggravation or activation of a previously existing condition. The losses are either permanent or continuing in nature and Plaintiff will suffer the losses in the future. The Plaintiff has sustained a permanent injury within a reasonable degree of medical probability.

29.     The Plaintiff has complied with all conditions precedent to the filing of this suit or, in the alternative, said conditions precedent do not apply to this Plaintiff or have been waived by the Defendant.

## COUNT I – NEGLIGENCE AGAINST BUS TRAVEL SANTORINI

The Plaintiff hereby realleges and incorporates paragraphs 1-29 above as though they were fully set forth herein, and further states as follows:

30. On or about June 12, 2022, BUS TRAVEL SANTORINI owned and operated a tour bus which provided a group excursion known as the "Let's Take a Selfie" tour in Santorini, Greece. This excursion included transportation on a bus that was provided by BUS TRAVEL SANTORINI, and which was driven by their employee and/or agent.

31. The Plaintiff was a participant on this excursion and was riding on the bus supplied by BUS TRAVEL SANTORINI.

32. During the excursion, the driver of the bus, while in the course and scope of his employment or agency for BUS TRAVEL SANTORINI, operated the vehicle in a negligent way such that he caused the bus to impact another automobile, and come to a very sudden stop.

33. As a direct and proximate result of the driver's negligent actions, while in the course and scope of his employment or agency for the Defendant, the Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment and aggravation or activation of a previously existing condition. The losses are either permanent or continuing in nature and Plaintiff will suffer the losses in the future. The Plaintiff has sustained a permanent injury within a reasonable degree of medical probability.

34. The Defendant, BUS TRAVEL SANTORINI, is vicariously liable for the negligent actions of its employee and/or agent while he was acting within the course and scope of his employment.

WHEREFORE, the Plaintiff, ANNIE GLICK, demands judgment against Defendant, BUS TRAVEL SANTORINI, for damages in an amount determined by the trier-of-fact as well for costs,

pre-judgment and post-judgment interest and hereby demands a trial by jury of all issues so triable as a matter of right and/or by consent of the parties.

## COUNT II– NEGLIGENCE AGAINST NCL

The Plaintiff hereby realleges and incorporates paragraphs 1-29 above as though they were fully set forth herein, and further states as follows:

35. On or about June 12, 2022, BUS TRAVEL SANTORINI owned and operated a tour bus which provided a group excursion known as the "Let's Take a Selfie" tour in Santorini, Greece. This excursion included transportation on a bus that was provided by BUS TRAVEL SANTORINI, and which was driven by their employee and/or agent.

36. The Plaintiff was a participant on this excursion and was riding on the bus supplied by BUS TRAVEL SANTORINI.

37. As a direct and proximate result of the driver's negligent actions, while in the course and scope of his employment or agency for the Defendant, the Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment and aggravation or activation of a previously existing condition. The losses are either permanent or continuing in nature and Plaintiff will suffer the losses in the future. The Plaintiff has sustained a permanent injury within a reasonable degree of medical probability.

38. The Defendant, NCL, is vicariously liable for the negligent actions of BUS TRAVEL SANTORINI and its driver because the tour operator, and by extension its driver, were apparent agents of NCL as a result of actions taken and representations made by NCL to Ms. Glick

and otherwise that gave her a reasonable belief that they were the operator of the tour, in whole or in part, which induced her to participate.

39. Additionally, NCL is vicariously liable for negligent actions of BUS TRAVEL SANTORINI and its driver because it was engaged in a joint venture with both BUS TRAVEL SANTORINI and GLOBAL CRUISES to plan, implement, market, sale and operate the tour.

40. Likewise, NCI is vicariously liable for the negligence of GLOBAL CRUISES, LLC and/or for any liability attributable to GLOBAL CRUISES, LLC due to its joint venture with BUS TRAVEL SANTORINI as a result of the relationship between NCL and GLOBAL CRUISES giving rise to an apparent agency and/or apparent principal/agent relationship.

WHEREFORE, the Plaintiff, ANNIE GLICK, demands judgment against the Defendant, NCL (BAHAMAS) LTD, a Bermuda Company d/b/a NORWEGIAN CRUISE LINE, for damages in an amount determined by the trier-of-fact as well for costs, pre-judgment and post-judgment interest and hereby demands a trial by jury of all issues so triable as a matter of right and/or by consent of the parties.

## COUNT III– NEGLIGENCE AGAINST GLOBAL CRUISES LLC

The Plaintiff hereby realleges and incorporates paragraphs 1-29 above as though they were fully set forth herein, and further states as follows:

41. On or about June 12, 2022, BUS TRAVEL SANTORINI owned and operated a tour bus which provided a group excursion known as the "Let's Take a Selfie" tour in Santorini, Greece. This excursion included transportation on a bus that was provided by BUS TRAVEL SANTORINI, and which was driven by their employee and/or agent.

42. The Plaintiff was a participant on this excursion and was riding on the bus supplied by BUS TRAVEL SANTORINI.

43. As a direct and proximate result of the driver's negligent actions, while in the course and scope of his employment or agency for the Defendant, the Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment and aggravation or activation of a previously existing condition. The losses are either permanent or continuing in nature and Plaintiff will suffer the losses in the future. The Plaintiff has sustained a permanent injury within a reasonable degree of medical probability.

44. The Defendant, GLOBAL CRUISES LLC, is vicariously liable for the negligent actions of BUS TRAVEL SANTORINI and its driver because it was engaged in a joint venture with both BUS TRAVEL SANTORINI and GLOBAL CRUISES to plan, implement, market, sale and operate the tour.

WHEREFORE, the Plaintiff, ANNIE GLICK, demands judgment against the Defendant, GLOBAL CRUISES LLC, for damages in an amount determined by the trier-of-fact as well for costs, pre-judgment and post-judgment interest and hereby demands a trial by jury of all issues so triable as a matter of right and/or by consent of the parties.

## **Demand for Jury Trial**

The Plaintiff hereby demands a trial by jury of all issues so triable as a matter of right.

Dated this 27th day of April, 2023.

LESSER, LESSER, LANDY & SMITH, PLLC
Attorneys for Plaintiff
420 Columbia Drive, Suite 110
West Palm Beach, FL 33409
Telephone:  (561) 655-2028
Facsimile:  (561) 655-2033

s/Joshua D. Ferraro
Joshua D. Ferraro, Esq.
FL Bar No.:  0797391
E-Mail: jferraro@lesserlawfirm.com
ijardines@lesserlawfirm.com